UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EDWARD HERRERA,

           Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER OSCAR
RAMOS, SHEILD NO. 10760, POLICE OFFICER
TERRANCE LLOYD, SHIELD NO. 27336, JOHN DOE
POLICE OFFICERS ##1-20

           Defendants.
------------------------------------------------------------------------x

FIRST AMENDED
COMPLAINT AND
JURY DEMAND

DOCKET #

ECF CASE

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.  The claim arises from a January 13, 2014 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4.  This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction is asserted.

5.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Edward Herrera is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On January 13, 2014 at approximately 6:00 PM, plaintiff's spouse, Dilcia Medina, was inside of her home at 264 Milford Avenue, Brooklyn, NY when the police came to her door. Apparently, the neighbor at 262 Milford Avenue had called 911 reporting a fire at plaintiff's home.

12. There was no fire. However, the defendant police officers came to the door and asked Ms. Medina to inspect the home. Ms. Medina allowed the officers to enter the home. Ms. Medina asked them to take a report that a false call was made to 911 reporting a fire since she had trouble with the same neighbor before. The officers refused to take a report and acted

3

disrespectfully towards Ms. Medina. They eventually left the home without further incident.

13. Plaintiff arrived home from work at about 8:30 PM and called the police asking to speak to a supervisor at the 75th Precinct because it was important to plaintiff that they take a report about the incident. Some time later, the defendant police officers arrived.

14. Plaintiff asked the two defendant officers for paperwork so a report could be filed for the false 911 call made by the neighbor. Defendant Ramos replied that he was not going to file any reports about the past. Plaintiff also complained to the officers about the disrespectful way they spoke to his spouse.

15. Defendant Officer Lloyd then demanded that plaintiff "step outside", challenging him to a fight. Plaintiff did not follow him out, but defendant Officer Lloyd stayed on his property with his baton out, and threatened plaintiff that he would crack open his head.

16. Minutes later, with plaintiff, his spouse and his young child inside the home, defendant Lloyd and numerous other police officers forced their way into plaintiff's home without consent, without a warrant, and without any privilege to do so.

17. The defendant officers who entered the home verbally abused him and assaulted him, causing serious injury. Specifically defendant officers Ramos and Lloyd struck plaintiff about the body and head.

18. Plaintiff was handcuffed and taken to the precinct. His handcuffs were extremely and unnecessarily tight, causing him to suffer further injury.

19. Plaintiff continued to be verbally abused by police officers and threatened with physical retaliation while in police custody, specifically by defendant officers Lloyd and Ramos, among others.

20. Plaintiff was charged with Harassment and Resisting Arrest, and spent approximately

4

20 hours in custody.

21.   All charges were dismissed against plaintiff.

22.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

23.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

24.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a.   Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

   b.   Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   d.   Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   e.   Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   f.   Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

h. Loss of liberty.

**FIRST CAUSE OF ACTION**
**(42 USC § 1983 – EXCESSIVE FORCE)**

25. The above paragraphs are here incorporated by reference.

26. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from use of excessive force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

27. Defendants used excessive force when they assaulted in the course of their illegal arrest. Plaintiff complied with all of defendants commands during the arrest, and did not in any way resist or fight with the defendants.

28. Plaintiff was seriously physically injured and has been damaged as a result of defendants' wrongful acts.

**SECOND CAUSE OF ACTION**
**(42 USC § 1983 – FALSE ARREST)**

29. The above paragraphs are here incorporated by reference.

30. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from being arrested without a warrant or probable cause that he committed a crime, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

31. Defendants arrested plaintiff unlawfully when they seized him without legal privilege to do so. Plaintiff did not consent to his confinement and was conscious of it.

32. Plaintiff was has been damaged as a result of defendants' wrongful acts.

Case 1:15-cv-01431-ENV-RLM   Document 6   Filed 07/02/15   Page 5 of 9 PageID #: 41

5

### THIRD CAUSE OF ACTION
### (42 USC § 1983 – MALICIOUS PROSECUTION)

33.  The above paragraphs are here incorporated by reference.

34.  Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from a malicious prosecution, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

35.  Defendants initiated a false accusatory instrument against plaintiff and continued to participate in a malicious prosecution of him based on a false accusatory instrument and other communications made to the district attorney's officer.

36.  Plaintiff was has been damaged as a result of defendants' wrongful acts.

### FOURTH CAUSE OF ACTION
### (42 USC § 1983 and STATE LAW – INVASION OF PRIVACY AND TRESPASS)

37.  The above paragraphs are here incorporated by reference.

38.  Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from the unlawful entry into his home by police officers, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983 and state statutory and common law when the entered his home without a warrant, consent or exigent circumstances.

39.  Specifically, defendant police officers violated plaintiff's rights when they entered his home without a warrant, consent, or exigent circumstances after defendant Officer Lloyd left the home but remained on the property challenging plaintiff to a fight.

40. Plaintiff was has been damaged as a result of defendants' wrongful acts.

**FIFTH CAUSE OF ACTION**
(ASSAULT)

41. The preceding paragraphs are here incorporated by reference.

42. Upon approaching plaintiffs, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

43. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law and the New York State Constitution.

44. Plaintiff was damaged by defendants' assault.

**SIXTH CAUSE OF ACTION**
(BATTERY)

45. The preceding paragraphs are here incorporated by reference.

46. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

47. Defendants used excessive and unnecessary force with plaintiff.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law and the New York State Constitution.

49. Each plaintiff was damaged by the battery of the defendants.

**SEVENTH CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

50. The preceding paragraphs are here incorporated by reference.

51. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

7

52. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law and the New York State Constitution.

53. As a result of the false arrest, imprisonment and deprivation of liberty, plaintiff was damaged.

### EIGHTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

54. The preceding paragraphs are here incorporated by reference.

55. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

56. The criminal proceedings against plaintiff were terminated favorably.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under New York State common law, and the New York State Constitution.

58. As a result of the malicious prosecution, plaintiff was damaged.

### NINTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

59. The preceding paragraphs are here incorporated by reference.

60. Defendant police officers' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

61. As a result of Defendant police officer's tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
July 2, 2015

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Terrance Lloyd

Police Officer Oscar Ramos

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com